### William P. Carlin v. Walter A. Brown.

1. Question of Fact—*When the Province of Court to Decide.*— Where a cause is tried without a jury, it is the peculiar province of the judge trying the case to decide where the truth is upon the disputed question of fact.

2. Interest—*On Judgment When Proper for Vexatious Delay.*— Three dollars and eighteen cents interest allowed on a judgment in this case by the trial court for the unreasonable and vexatious delay of payment, is proper.

Attachment.—Trial in the Circuit Court of Greene County; the Hon. Owen P. Thompson, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

HENRY T. RAINEY, attorney for appellant, contended that interest is not chargeable on an open account where it has not been liquidated and the balance agreed on. Flake v. Carson, 33 Ill. 518.

Mere delay in payment is no ground for allowing interest. To appear and defend a suit is not an act to be construed into unreasonable and vexatious delay in the payment of money. Aldrich v. Dunham, 16 Ill. 403.

DOOLITTLE & SCANLAND, attorneys for appellee.

A party is liable for materials obtained for his use by another if he voluntarily availed himself of the use of the materials, or in any manner ratified the act of obtaining them. Fisher v. Stevens, 16 Ill. 397.

It was the province of the court, sitting as a jury, to determine whether or not there had been unreasonable and vexatious delay in the payment.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $67.90, recovered by appellee in a suit brought by him to recover for lumber material procured by one John Dawson and used by him in repairing some buildings owned by appellant.

There is no question made over the fact that the material was used in appellant's building, or that the charges for it are reasonable; but liability is denied upon the ground that appellant did not authorize Dawson to procure the lumber.

It appears from the evidence that, in 1890, appellant employed Dawson to remove and repair certain outbuildings situated on a lot in Carrollton, Illinois, owned by appellant, at a stipulated sum of $40, appellant to furnish all necessary material. When Dawson was ready to do the work, appellant had moved to Washington, D. C., leaving a sister residing on his property and an agent at Carrollton who looked after his rents, taxes, etc., but without making any provision for the repairing material needed. Dawson called on Mrs. Harden, the sister of appellant, residing upon

the property, to learn where he should procure material, and testifies that she told him to get it of appellee. She denies giving him any such instructions, but it was the peculiar province of the judge trying the case to decide where the truth was on that disputed question of fact. While Dawson, under the terms of his employment, had not authority, perhaps, in the first instance, to order the lumber, the fact that he acted under the direction of appellant's sister, then in the possession of the premises, in procuring the lumber from appellee, coupled with the fact that appellant has received the benefit of it and is now enjoying its use, and that the action of Dawson in doing the work in the absence of appellant, has been ratified by the payment to Dawson of the contract price agreed upon, ought not to leave much doubt as to the liability of appellant.

There is no merit in the contention that the judgment should be reversed because the trial court allowed interest on appellee's claim. Three dollars and eighteen cents interest was allowed, and properly so, for the unreasonable and vexatious delay of payment.

The judgment is right and will be affirmed.